1

2

3

4            **UNITED STATES DISTRICT COURT**

5                 **DISTRICT OF NEVADA**

6

7   DORIS HUDNALL, MICHAEL GUTHRIE,        )
    and ANGELA GUTHRIE, as representatives   )        2:06-CV-0490-RCJ-LRL
    and beneficiaries of Hamp Williams's Estate, )

8                                          )
          Plaintiffs,                      )        **ORDER**

9                                          )
       vs.                                 )

10                                         )
    PANOLA COUNTY, *et al.*,               )

11                                         )
          Defendants.                      )

12   ——————————————————————————            )

13

14        This matter comes before the Court on Defendant IP Timberlands Operating Co.

     Ltd.'s ("Defendant") Motion to Dismiss.  (#148.)  After considering the Motions and

15   pleadings on file, the Court issues the following Order.

16                          **BACKGROUND**

17

18        On March 15, 2006, Plaintiffs Doris Hudnall, a citizen and resident of Clark County,

     Nevada, Michael Guthrie, a citizen and resident of Cook County, Illinois, and Angela

19   Guthrie, a citizen and resident of Clark County, Nevada (collectively "Plaintiffs") filed suit in

20   this Court against seventeen Defendants.  In their Complaint, Plaintiffs allege eight causes of

21   action: (1) Fraud and Deceit; (2) Conspiracy to Commit and aid Fraud; (3) Negligent

22   Misrepresentation; (4) Unjust Enrichment; (5) Constructive Trust; (6) Conversion; (7)

23   Punitive Damages; and (8) Declaratory Relief.  Defendant initially failed to timely file a

24

25

responsive pleading, and the Clerk of the Court entered a default.  This Court recently set aside that default.  Defendant now asks the Court to dismiss it from this action.

The Complaint in this matter (#4) alleges that Plaintiffs (as representatives of Hamp Williams's Estate) are rightful owners to 10,000 acres of land located in Carthage, Texas. According to Plaintiffs, they "are heirs of the Estate of Hamp Williams," who died on April 6, 1930.  (#4 at 5-6.)  Plaintiffs claim that Hamp Williams ("Williams") applied for, and received, a land grant from the Texas General Land Office for which he was eligible due to his service in the United States Colored Heavy Artillery Unit of the Civil War.  (*Id.* at 5.) Plaintiffs argue that shortly after receiving his land from the Texas General Land Office, Williams discovered oil, natural gas, and timber on his property.  Plaintiffs further allege that numerous individuals and entities thereafter "robbed his land of its natural resources."  (*Id.* at 6.)  According to Plaintiffs, several entities illegally acquired Williams's lands by forcing him to vacate his property after threatening Williams's life and killing his son.  In order to secure his land and other assets for his family, Williams established a trust and placed the 10,000 acres under guardianship for his children and grandchildren.

On June 12, 2006, Plaintiffs filed suit with this Court alleging that the above-mentioned Defendants have continued the conspiracy to deprive Williams and his heirs of

1    their rightful claim to the Carthage land.[1]  On January 5, 2007, the Court issued an Order

2    dismissing several Defendants from this action.

3                                           **DISCUSSION**

4          Defendant asks the Court to dismiss Plaintiffs' claims for three reasons.  First,

5    Defendant argues the District of Nevada is an improper venue.  Second, Defendant argues

6    that Plaintiffs' claims are time barred.  Finally, Defendant argues that Plaintiffs have failed to

7    state a valid claim.

8    **I.**       **Improper Venue**

9          Defendant asks the Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of

10   Civil Procedure 12(b)(3) for improper venue.  Because Plaintiffs' sole basis for federal

11   subject matter jurisdiction in this case is diversity of citizenship, the applicable venue statute

12   is 28 U.S.C. § 1391(a).  Section 1391(a) provides that venue in a suit in which the plaintiff

13   bases jurisdiction upon diversity of citizenship is proper in:

14

15           (1) a judicial district where any defendant resides, if all defendants reside in the
              same State, (2) a judicial district in which a substantial part of the events or

16

---

17 [1] The case pending before this Court is not Plaintiffs first attempt to recover damages based on the alleged fraudulent transfer of title to Williams's property.  On December 30, 2002, Plaintiffs filed an adversary proceeding styled *Michael*

18 *Guthrie, et al. v. Enron Corp.*, No. 02-8132A, in the United States Bankruptcy Court for the Southern District of New York.  Plaintiffs allege in the complaint that they are secured creditors with respect to the property made the basis of this lawsuit in Enron Corp.'s ("Enron") bankruptcy proceeding pending in the Southern District of New York. *See* Complaint

19 at ¶ 25.  Plaintiffs further allege that they were given preferred status by the bankruptcy court on July 3, 2002, as evidenced by minutes of proceedings held on June 13, 2002.  *See id.*  Once granted that status, Plaintiffs filed proofs of

20 claims against Enron's bankruptcy estate, seeking to recover in excess of $100 billion allegedly owed to them as a result of Enron and its affiliates' unlawful acquisition of the property at issue in this case.  *See* Ex. 6 at Ex. A to Consolidated

21 Motion to Dismiss of Defendants EOG Resources, Inc., EOG Resources-Carthage, Inc., and ERSO, Inc. ("EOG's Motion").  Plaintiffs filed the Adversary Proceeding while those claims were pending.  In 2003, the Court granted

22 Enron's objections to the proofs of claims, disallowing and expunging them in their entirety. *See* Ex. 7 to EOG's Motion. The causes of action raised in the Adversary Proceeding are nearly identical to those pled in this lawsuit: fraud, misrepresentation, unjust enrichment, constructive trust, and conversion. *See* Ex. 1 to EOG's Motion at ¶¶ 11-58. After

23 considering allegations involving the same facts, causes of action and even some of the same parties named in the present Complaint, the bankruptcy court dismissed Plaintiffs' adversary proceeding in its entirety on March 13, 2003.

24

25                         Page 3 of  10

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841-42 (9th Cir. 1986).  Based on the applicable venue statute, the District of Nevada is not a proper venue for this case.

### A.    Venue Under § 1391(a)(1)

As noted above, § 1391(a)(1) provides that venue is proper in a judicial district where any defendant resides, if all defendants reside in the same state.  § 1391(a)(1).  In this case, all Defendants do not reside in the same state.  Based on Plaintiffs' pleadings, Plaintiffs acknowledge that some Defendants reside in Texas while others reside in California and Louisiana.  Plaintiffs further state that some Defendants reside "globally" or "nationally." Plaintiffs fail to allege and show that any Defendant resides in Nevada and that all Defendants reside in the same state.  Accordingly, the Court cannot maintain venue under § 1391(a)(1).

### B.    Venue Under § 1391(a)(2)

Venue is proper under § 1391(a)(2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."  § 1391(a)(2).  In assessing whether events or omissions giving rise to the claim are substantial for the purpose of establishing venue under § 1391(a)(2), the Court must look at the dispute's nature.  *See, e.g., Flamingo Indus., Ltd. v. United States*, No. C 00-2484 MMC, 2004 U.S. Dist. LEXIS 17530, at *3 (N.D. Cal. Aug.

23, 2004) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3rd Cir. 1994)).  Events or omissions that might only have some tangential connection with the dispute are not sufficient to serve as a basis for maintaining venue under § 1391(a)(2).  *Id.*

Plaintiffs' Complaint indicates that the actions giving rise to their claims all occurred in Texas.  Specifically, Plaintiffs allege that Williams owned or lived on approximately 10,000 acres in Carthage, Texas.  According to Plaintiffs, Williams placed the title to this land in trust for his heirs in Texas before his death.  Plaintiffs also allege that Defendant Glassell, a Texas resident, "suppressed and erased" certain trust accounts and in their place fabricated other entries in an attempt to rob Williams's heirs of their title to the Carthage property.  Plaintiffs also allege that the property became subject to the Glassell Family Trust, an entity alleged to be doing business in Harris County, Texas.  Finally, Plaintiffs allege that all Defendants are liable for damages caused by actions they allegedly committed in Texas to the Texas property and the resources derived from that property.  Plaintiffs' only argument that venue in Nevada is proper is that Defendant should have known that Williams's heirs could be located anywhere in the United States, including Nevada.  However, the Plaintiffs' location is irrelevant to the venue analysis.  Thus, because the events giving rise to Plaintiffs' lawsuit occurred solely in Texas, the Court should find that venue in the District of Nevada is improper.  *See Engel v. CBS, Inc.*, 886 F. Supp. 728, 732 (C.D. Cal. 1995) (stating that when events giving rise to a cause of action occur solely within another judicial district, maintaining venue is improper).

**C.      Venue Under § 1391(a)(3)**

The remaining venue provision under § 1391(a) indicates that venue is proper in a district in "which any defendant is subject to personal jurisdiction at the time the action is commenced, *if* there is no district in which the action may otherwise be brought." § 1391(a)(3) (emphasis added).  As discussed above, Plaintiffs have alleged sufficient facts to conclude that venue and personal jurisdiction could be established in Texas.  Therefore, venue could be maintained in a federal district court in Texas, which negates § 1391(a)(3)'s applicability because § 1391(a)(3) only applies "if there is no district in which the action may otherwise be brought."  *Id.*  Accordingly, the Court grants Defendant's requests to dismiss pursuant to Rule 12(b)(3) because venue in the District of Nevada is improper.  Although the Court dismisses this case due to improper venue, it also dismisses all claims because they are time barred.

**II.      Statute of Limitations**

Because subject matter jurisdiction in this case is based on diversity of citizenship, the forum state's law determines which state's statute of limitations applies.  *Flowers v. Carville*, 310 F.3d 1118, 1123 (9th Cir. 2002).  Because the alleged wrongs occurred outside Nevada, the Court refers to Nevada's "borrowing statute" to determine the applicable statute of limitations.  *Id.*  Nevada's borrowing statute states the following:

> When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of a citizen thereof who has held the cause of action from the time it accrued.

Nev. Rev. Stat. Ann. § 11.020 (LexisNexis 2006).  The alleged wrongs in this case occurred in Texas, but Plaintiffs Doris Hudnall and Angela Guthrie allege in the Complaint that they are Nevada citizens.  Thus, Nevada's statute of limitations applies to their claims.  *Flowers*, 310 F.3d at 1123-24.  However, because Plaintiff Michael Guthrie alleges in the Complaint that he is an Illinois citizen, Texas's statute of limitations applies to his claims.  *See id.* Plaintiffs assert seven causes of action against the Defendants:  (1) Fraud and Deceit; (2) Conspiracy to Commit and Aid a Fraud; (3) Negligent Misrepresentation; (4) Unjust Enrichment; (5) Constructive Trust; (6) Conversion; and (7) a Declaratory Judgment to Quiet Title.  Plaintiffs also seek punitive damages.

      **A.**     **Nevada  Statute of Limitations—Plaintiffs Doris Hudnall and A. Guthrie**

      In Nevada, a cause of action accrues when the alleged wrong occurs and a party sustains injuries and seeks relief.  *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998). Nevada courts have also cited to the "discovery rule."  "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action."  *Id.* (quoting *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)).  In addition, a plaintiff "who relies upon this delayed discovery rule must plead facts justifying delayed accrual of his action.  The complaint must allege: (1) the time and manner of discovery, and (2) the circumstances excusing delayed discovery."  *Id.* (quoting *Prescott v. United States*, 523 F. Supp. 918, 940-41 (D. Nev. 1981)).

      The applicable statutes of limitations on Plaintiffs' claims in Nevada are as follows:

Fraud and deceit – three years. Nev. Rev. Stat. § 11.190(3)(d); *see also Nevada State Bank v. Jamison Family P'ship*, 801 P.2d 1377, 1382 (Nev. 1990) (stating that breach of fiduciary duty claims are subject to the same statute of limitation as fraud claims, which is three years);

Conspiracy – two years. § 11.190(4)(e);

Negligent misrepresentation – two or three years.  § 11.190(4)(e) (noting that limitations period for negligence claim is two years); § 11.190(3)(d) (limitations period for fraud claim is three years);

Unjust enrichment – four years. § 11.190(2)(c); *see also Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1987).

Constructive trust – three or four years. § 11.190(2)(c); § 11.190(3)(d);

Conversion – three years.  § 11.190(3)(6); *see also Bemis*, 967 P.2d at 440;

Suit to Quiet Title – Plaintiff must have been in possession of property within five years of filing suit.  §§11.070 and 11.080; *see also Lanigir v. Arden*, 409 P.2d 891, 895 n.3 (Nev. 1966).

Whether the Court applies the general rule or the "discovery rule" to the statute of limitations, Plaintiffs' claims are time barred.  Plaintiffs have admitted they knew about the related causes of action as early as 1988, and no later than 2001.  As noted above, Plaintiffs filed a lawsuit in the Bankruptcy Court for the Southern District of Nevada in 2002.  In those proceedings, Plaintiffs admitted that they became aware of the facts underlying each claim in 2001.  The claims in the bankruptcy proceeding are identical to those presently before the Court.  In addition, in 1988 Plaintiffs sent various letters to some of the Defendants in this case as well as other governmental agencies detailing the facts they use as a basis for their claims.  Prior to the Court's Order dismissing most of the Defendants in this action, Plaintiffs claimed that they had become aware of new facts since that time, but they failed to indicate even a single new fact in their Complaint or pleadings.  Plaintiffs' claims are governed by two, three, or four-year limitations periods, but Plaintiffs discovered the facts upon which they base their claims at least five years ago, and most likely much earlier.  Plaintiffs have

failed to allege "(1) the time and manner of discovery, and (2) the circumstances excusing delayed discovery." *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998) (quoting *Prescott v. United States*, 523 F. Supp. 918, 940-41 (D. Nev. 1981)).   Accordingly, the Court dismisses Plaintiffs' claims because they are time barred.

###### B.      Texas Statute of Limitations—Plaintiff Michael Guthrie

As explained above, the statute of limitations in Texas applies to Plaintiff Michael Guthrie's claims.   The relevant limitations periods in Texas are as follows:

Fraud and deceit – four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4); *see also Zanfardino v. Jeffus*, 117 S.W.3d 495, 498 (Tex. App. 2003);

Conspiracy – two years. *Coppock & Teltschik*, 857 S.W.2d 631, 640 (Tex. App. 1993);

Negligent misrepresentation – two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998);

Unjust enrichment – two years. *HECI Exploration Co.*, 982 S.W.2d at 885; *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 410 (5th Cir. 2004);

Constructive trust – four years. *Austin Lake Estates, Inc. v. Meyer*, 557 S.W. 2d 380, 383 (Tex. Civ. App. 1977);

Conversion – two or four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see also Pierson v. GFH Financial Servs. Corp.*, 829 S.W.2d 311, 314 (Tex. App. 1992); *Hicks v. Hoover*, 422 S.W.2d 613 (Tex. Civ. App. 1967);

Suit to quiet title – four years. *See Waring v. Lockett*, 118 S.W.2d 1000, 1002 (Tex. Civ. App. 1938).

As noted above, Plaintiffs have admitted that they discovered the facts upon which they base their claims at the latest in 2001.  While Plaintiffs state they have since become aware of new facts to support their claims, they fail to identify even one such fact.  Plaintiffs have failed to allege "(1) the time and manner of discovery, and (2) the circumstances excusing

delayed discovery." *Siragusa*, 971 P.2d at 806 (quoting *Prescott v. United States*, 523 F. Supp. 918, 940-41 (D. Nev. 1981)).  Therefore, because the claims are subject to two or four-year limitations periods in Texas, Plaintiff Michael Guthrie's claims are time barred. Accordingly, the Court also dismisses *sua sponte* Plaintiffs' claims as to the remaining Defendants because Plaintiffs cannot possibly prevail in this case.

## CONCLUSION

Pursuant to the above analysis, the Court grants Defendant's Motion to Dismiss. Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#148) is *granted*.  The Court FURTHER DISMISSES *SUA SPONTE* all remaining Defendants in this case.

DATED: May 22, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE